Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 0688 | DATE | 9/23/2002 |
| CASE TITLE | United States of America *ex rel.* Aaron May v. Thomas Page | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

May's petition for Habeas Corpus pursuant to 28 U.S.C. § 2254

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum and opinion order, the May's petition for habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

(11) ■ [For further detail see attached memorandum and opinion order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 24 2002 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| X | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mds (lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
SEP 24 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel, AARON MAY | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 99 C 0688<br>)<br>) HONORABLE DAVID H. COAR |
| THOMAS F. PAGE, | )<br>) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Before this court is petitioner Aaron May's ("petitioner" or "May") petition for habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, this Court denies the petition.

### I. Factual and Procedural Background

May is incarcerated at Menard Correctional Center in Menard, Illinois. On September 14, 1993, following a jury trial, he was found guilty of first degree murder and aggravated kidnapping. On October 22, 1993, May was sentenced to concurrent terms of 50 years imprisonment on the charge of first degree murder and 15 years imprisonment on the charge of aggravated kidnapping. Petitioner appealed to the Illinois Appellate Court, First District. On appeal, Petitioner raised three issues: (1) the trial committed reversible error during voir dire; (2) the trial court committed reversible error when overruling the defense counsel's objection to the prosecutor's comments during closing statements; and (3) petitioner's sentence for first degree murder was excessive under the circumstances. On April 15, 1996, the Appellate Court affirmed Petitioner's conviction.

Petitioner filed his petition for leave to appeal to the Illinois Supreme Court. In his petition, Petitioner raised the following issues: (1) the trial court committed reversible error by overruling an objection to a statement made by a prosecutor in closing arguments; and (2) petitioner received a disparate sentence. The Illinois Supreme Court denied the petition on June 5, 1996.

Petitioner filed a petition for post-conviction relief on September 17, 1996. However, Petitioner included an incorrect docket number in the caption and his petition was returned to him. Petitioner corrected the error and returned the petition that was file stamped on October 29, 1996. The trial court summarily denied Petitioner's post-conviction petition on November 26, 1996. In his petition, Petitioner raised the following issues: (1) Petitioner received ineffective assistance of trial counsel when counsel failed to challenge the sufficiency of the indictment as "vague and overly broad." Additionally, Petitioner received ineffective assistance of appellate counsel when counsel failed to raise the issue on appeal; (2) Petitioner received ineffective assistance of appellate counsel when counsel failed to argue that petitioner's motion to quash and suppress were wrongfully denied by the trial court; (3) Appellate counsel failed to provide effective assistance of counsel when counsel failed to argue that the State failed to prove each material allegation of the indictment; (4) Appellate counsel provided ineffective assistance of counsel when counsel failed to allege ineffective assistance of trial counsel where trial counsel failed to object to the trial court's practice of sustaining objections which had not yet been made by the prosecution; (5) Petitioner was denied the right to a fair trial where the state presented perjured testimony; and (6) Petitioner was denied the right to a fair trial when the State's witness falsely testified that he had not been given a "deal" in exchange for his testimony.

Petitioner appealed the dismissal of his post-conviction petition to the Illinois Appellate Court, First District. On July 2, 1997, Petitioner's counsel, the Cook County Public Defender filed a motion to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987). The court affirmed the denial of Petitioner's post-conviction petition and granted counsel's Finley motion on September 26, 1997. Petitioner filed a petition for leave to appeal to the Illinois Supreme Court on October 29, 1997. In his petition for leave to appeal, Petitioner raised one issue: The trial court erroneously dismissed Petitioner's post-conviction petition as untimely. The Illinois Supreme Court denied the petition for leave to appeal on February 4, 1998.

On February 4, 1999, May filed the instant petition for writ of habeas corpus.

## II. Habeas Corpus Standard

A writ of habeas corpus remedies a situation where a petitioner is held "in custody in violation of the Constitution or laws or treaties of the United States." Coleman v. Thompson, 501 U.S. 722, 730 (1991). Before a federal court can reach the merits of petition for a writ of habeas corpus under 28 U.S.C. § 2254, the petitioner must exhaust the available state-court remedies. Habeas corpus petitioners exhaust all of their state-court remedies when: (1) they present them to the highest court of the state; or (2) no state remedies remain available to the petitioner at the time that the federal petition is filed. See Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991).

Procedural default is also a barrier that generally prohibits a federal court from examining the merits of a habeas corpus petition. Procedural default occurs either when: (1) a petitioner fails to raise an issue on direct appeal or post-conviction review, see Farrell, 939 F.2d at 410; or (2) the state court clearly relies on a state procedural bar as an independent basis for its denial of relief. See Caldwell v. Mississippi, 472 U.S. 320, 327 (1985). If a petitioner has procedurally defaulted on any claim, this Court can only grant relief if: (1) there is adequate cause for his

failure to raise the claim in state court and prejudice resulting from the default – i.e., "cause and prejudice" – Wainwright v. Sykes, 433 U.S. 72, 87 (1977); or (2) default would result in a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Even where a federal court reaches the merits of a petitioner's claim, relief is only warranted in certain circumstances. To prevail, a habeas corpus petitioner must show that adjudication of the case resulted in a decision that was:(1) contrary to, or (2) an unreasonable application of clearly established federal law as determined by the United States Supreme Court; or, (3) based on an unreasonable interpretation of the facts in light of the evidence presented in the state-court proceedings. 28 U.S.C. 2254(d). The first ground pertains to pure questions of law. Lindh v. Murphy, 96 F.3d 856, 868-69 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). The second ground pertains to mixed questions of law and fact. Id. at 870. To warrant relief, the state-court error must be "grave enough to be called 'unreasonable.'" Id. A state-court conclusion will stand if it is "one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 749 (7th Cir. 1997). A state court's application of Supreme Court precedent is reasonable if it is "at least minimally consistent with the facts and circumstances of the case." Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir. 1997). Finally, the third ground contemplates relief only where the facts are, by "clear and convincing evidence," demonstrably wrong. See 28 U.S.C. § 2254(e)(1).

### III. Discussion

Petitioner raises the following four issues with various sub-parts in his petition for writ of habeas corpus: (1) Petitioner was denied substantive and procedural due process of law and equal protection under the law when his post-conviction petition was mishandled by the Cook County court officials and representatives; (2) the trial court wrongfully dismissed Petitioner's post-

-4-

conviction petition as untimely; (3) the trial court wrongfully dismissed Petitioner's post-conviction petition under the doctrine of res judicata where petitioner raised meritorious issues such as trial counsel's ineffectiveness in failing to call an acquitted co-defendant and an alibi witness to testify and that Petitioner was denied due process when a co-defendant falsely testified that he did not have a plea agreement with the state to testify in order to avoid a conviction; and (4) Petitioner was denied effective assistance of counsel when the Illinois Appellate Court allowed appellate post-conviction counsel to withdraw pursuant to Pennsylvania v. Finley. This Court addresses each ground in turn.

A. *Denial of due process with the mishandling of post-conviction petition*

Petitioner argues that he was denied substantive and procedural due process of law and equal protection under the law when his post-conviction petition was mishandled by the Cook County court officials and representatives. Respondent asserts that petitioner's argument is procedurally defaulted because he never raised the issue in state court. This Court must consider whether May raised this issue in the state court because "if a petitioner fails to raise an issue in state court proceedings, he cannot raise it for the first time in a federal habeas corpus petition." Kurzawa v. Jordan, 146 F.3d 435, 441 (7th Cir. 1998) (quoting Soleto v. Indiana State Prison, 850 F.2d 1244, 1252 (7th Cir. 1988). Before federal collateral review on a question is appropriate, the state courts must have had a "fair opportunity" to consider a question of constitutional import. See Kurzawa, 146 F.3d at 441. In Kurzawa, the Seventh Circuit set forth its "waiver" analysis which takes account of federal-state comity concerns:

> If the petitioner's argument to the state court did not: (1) rely on pertinent federal cases employing constitutional analysis; (2) rely on state cases applying constitutional analysis to a similar factual situation; (3) assert the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege a pattern of facts that is well within the mainstream of constitutional litigation, then

> this court will not consider the state courts to have had a fair opportunity to consider the claim.

146 F.3d at 441 (citing Pierson v. O'Leary, 959 F.2d 1385, 1393 (7th Cir. 1992). In this case, Petitioner raised this claim for the first time in his habeas petition. He has not met any of the afore-mentioned factors because he never raised the issue to the state courts. He did not apply any case law, federal or state, to the facts of his case, nor did he alert the state court to the possible existence of a constitutional claim. Petitioner has exhausted all his remedies in that he no longer can present this claim to the state courts. Thus, this Court finds that this claim is procedurally defaulted.

Even after a finding that a claim is procedurally defaulted, a court can reach the merits of the claim in a habeas petition if the Petitioner first can demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." Bousley v. U.S., 523 U.S. 614, 622 (1998). Absent a showing of cause, "a defaulted claim is reviewable only where a refusal to consider it would result in a fundamental miscarriage of justice." Dellinger v. Bowen, ___ F.3d ___, 2002 WL 1895399 (7th Cir. Aug. 19, 2002) citing United States ex rel. Bell v. Pierson, 267 F.3d 544, 551 (7th Cir. 2001). Petitioner alleges neither cause nor prejudice to excuse his default, but he asserts that the "miscarriage of justice" exception applies to him because he has made a claim of actual innocence. Relief under this exception, however, is limited to situations where the constitutional violation probably has resulted in a conviction of a person who is actually innocent. Schlup v. Delo, 513 U.S. 298, 327 (1995). To establish actual innocence, however, Petitioner must demonstrate that, in light of new, reliable evidence not presented at trial, it is more likely than not that no reasonable juror would have convicted him. Bousley, 523 U.S. at 623; Calderon v. Thompson, 523 U.S. 538, 559 (1998); Schlup, 513 U.S. at 327-28. Further, "actual innocence"

means factual innocence, not mere legal insufficiency. Sawyer v. Whitley, 505 U.S. 333, 339 (1992), limited on other grounds by Schlup, 513 U.S. at 298. The Supreme Court has noted that, "[g]iven the rarity of such evidence, 'in virtually every case, the allegation of actual innocence has been summarily rejected.'" Calderon, 523 U.S. at 559.

In this case, Petitioner does not set forth evidence of actual innocence in his Reply brief. In his habeas petition, however, Petitioner lists three potential pieces of evidence that were not presented during his trial that he claims would exonerate him: (1) co-defendant Barfield's testimony that Bingham, who was a State witness during Petitioner's trial, and Bingham alone kidnapped and later murdered the deceased, Jonas Cooks; (2) Carina Elem's testimony that Petitioner was in her and Jovanna Liberty's company at all critical times and therefore that Petitioner did not, and could not have, kidnapped and murdered Cooks; and (3) an "appellate affirming Order" showing that Bingham was not convicted of the aggravated kidnapping charges, which Petitioner argues is evidence that Bingham received a deal and that Bingham therefore lied when he testified at Petitioner's trial that no promises had been made nor did he receive any deals for his testimony. This last piece of evidence, even if true, goes to the credibility of the witness and does not demonstrate Petitioner's factual innocence. Thus, this Court only addresses the first two pieces of evidence.[1]

Even with Petitioner's proposed new evidence, he does not meet the standard. Barfield's and Elem's alleged testimony, which supposedly is based on affidavits not made available to this Court, would not establish Petitioner's innocence in light of the record. As the Illinois Appellate

---

[1] This Court notes that, while Petitioner claims that both Barfield and Elem signed affidavits regarding their testimony that would exonerate Petitioner, he did not attach the affidavits to his habeas petition, nor are they found anywhere else in the record.

Court stated in affirming Petitioner's conviction, the evidence introduced against Petitioner during trial was "overwhelming." People v. Aaron May, No. 92 CR 22439 (Ill. App. Ct. 1996). First, Barfield's potential testimony that it was Bingham alone who kidnapped and murdered Cooks is unhelpful because, as the record clearly shows, Barfield was not present at the murder. Second, while Elem possibly would testify that Petitioner was with her and Liberty at the time of the murder, there are two witnesses placing Petitioner at the scene of the crime, namely Bingham and William Ramseur.

Bingham testified that he, Petitioner, and McClain Sanders took Cooks to Barfield's apartment after Cooks "shorted" them in a cocaine purchase. At the apartment, they brandished guns, confronted Cooks with the cocaine, and "pistol whipped" him. Petitioner stood by with his gun as Cooks was beaten, tied to a chair, gagged with a pillow case, and taped across the face. Shortly after Cooks was bound, Barfield had a "change of heart" and did not want to be responsible for Cooks. He cut Cooks free from the chair and requested that they take him somewhere else. Cooks again began pleading for mercy and time, but Bingham, Sanders, and Petitioner took Cook to an abandoned building. Bingham and Sanders physically forced the struggling Cook into the trunk of Petitioner's car, with Petitioner's help. At the abandoned building, they removed Cooks from the trunk and Sanders stated that he wanted to "deal" with Cooks. Sanders took Cooks into the building and Petitioner followed. Sanders then shot Cooks point blank in the head in execution style. Petitioner then instructed Sanders to "make sure he is dead," and Sanders shot Cooks again. Petitioner, Sanders, and Bingham returned to Petitioner's car and drove away. After a few blocks, Petitioner and Sanders got out of the car, threw Bingham some money, and told him to keep the car. Ramseur was present in Barfield's apartment when

Petitioner, Sanders, and Bingham returned for Cooks, and his testimony was substantially similar to Bingham's testimony.

Thus, this Court finds that Petitioner points to no new, reliable evidence that would make it more likely than not that no juror would find him guilty. As he does not satisfy the fundamental miscarriage of justice exception, Petitioner's claim that he was denied substantive and procedural due process of law and equal protection under the law when his post-conviction petition was mishandled is procedurally defaulted.

*B. Trial Court's Dismissal of Petitioner's Post-Conviction Petition as Untimely*

Petitioner's second ground for relief is that the trial court wrongfully dismissed his post-conviction petition as untimely. Respondent argues that this claim is without merit. This Court agrees. There absolutely is no indication that Petitioner's post-conviction petition was dismissed because it was untimely. Rather, the trial court clearly bases its dismissal on the principles of *res judicata* and waiver, which the appellate court discussed and then affirmed. Petitioner assumes that his post-conviction petition was dismissed as untimely because it was returned to him with the incorrect docket number. He does not and cannot demonstrate, however, that his assumption is correct. Therefore, this Court finds that Petitioner's second claim is without merit.[2]

*C. Dismissal of Post-Conviction Petition under the Doctrine of Res Judicata*

Petitioner's third ground for relief is that the trial court wrongfully dismissed Petitioner's post-conviction petition under the doctrine of res judicata. Respondent argues that Petitioner's claim is procedurally defaulted. This Court agrees.

---

[2] Even if Petitioner were correct, the trial court iterated alternate grounds in dismissing his post-conviction petition, see discussion infra III.C.

A federal court will not review a question of federal law decided by a state court if the decision of the state court rests on a state procedural ground that is independent of the federal question and adequate to support the judgment. Moore v. Bryant, 295 F.3d 771, 774 (2001) citing Stewart v. Smith, ___ U.S. ___, 122 S.Ct. 2578, 2580-81 (2002). This doctrine, however, will not bar habeas review unless a state court actually relied on the procedural default as an independent basis for its decision. Id.

Here, the Illinois Appellate Court clearly relied on the state procedural defaults of *res judicata* and waiver as independent basis for its dismissal of Petitioner's post-conviction petition: "The scope of post-conviction review is limited by the doctrines of res judicata and waiver (People v. Stewart, 123 Ill.2d 368, 372 (1988)), and defendant may not avoid their application to issues which were, or could have been, brought on direct appeal . . . ." The court further explained that waiver applied to Petitioner's ineffective assistance of trial counsel because he was represented by different counsel on appeal. Thus, because the Illinois Appellate Court relied on an independent and adequate state ground in dismissing Petitioner's post-conviction petition, this Court finds that Petitioner is not entitled to habeas relief on this claim.[3]

*D. Denied effective assistance of counsel through Finley withdrawal*

Petitioner's final ground for relief is that he was denied effective assistance of counsel when the Illinois Appellate Court allowed appellate post-conviction counsel to withdraw pursuant to Pennsylvania v. Finley. As the Respondent points out however, this claim is not cognizable. Section 2254(i) clearly states: "The effectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding under

---

[3] Petitioner raises the same "actual innocence" exception as he did with his first ground. This Court, however, determined that Petitioner failed to satisfy the fundamental miscarriage of justice exception, see supra III.A.

section 2254." 28 U.S.C. § 2254. Further, under Pennsylvania v. Finley, 481 U.S. 553 (1969), prisoners do not have a constitutional right to counsel while making collateral challenges to their convictions. Thus, as Petitioner had no constitutional right to counsel, his claim that his counsel wrongfully was allowed to withdraw is without merit.

## IV. Conclusion

For the foregoing reasons, Petitioner Aaron May's petition for writ of habeas corpus is DENIED. This case is CLOSED.

Enter:

_David H. Coar_
David H. Coar
United States District Judge

Dated: September 23, 2002